**COMMONWEALTH of Kentucky, Appellant,**

v.

**James Patrick RODEFER, Appellee.**

No. 2004–SC–0635–DG.

Supreme Court of Kentucky.

April 20, 2006.

Gregory D. Stumbo, Attorney General, State Capitol, Brian T. Judy, Cabinet for Health and Family Services, Office of Legal Services, Frankfort, Counsel for Appellant.

V. Gene Lewter, Fayette Co. Legal Aid, Inc., Lexington, Counsel for Appellee.

## OPINION OF THE COURT

Following a trial by jury in the Fayette Circuit Court, Appellee, James Patrick Rodefer, was convicted of trafficking in a controlled substance in the first degree, criminal attempt to commit burglary in the third degree, possession of burglary tools, possession of drug paraphernalia, and of being a first degree persistent felony offender. He was sentenced to a total of ten (10) years imprisonment. The Court of Appeals affirmed the misdemeanor convictions but reversed and remanded for a new trial Rodefer's conviction of trafficking in a controlled substance in the first degree. We granted discretionary review and now reverse the Court of Appeals and reinstate the judgment of the Fayette Circuit Court.

On July 2, 1999, Lexington police received information that a burglary was going to be committed at 5:00 a.m. on July

3, 1999, at a CVS Pharmacy on New Circle Road. The information provided to the police stated that there was a large crack present in the structure of the building and that the perpetrators were planning to gain entry through the crack and steal the drug Oxycontin. Sergeant Scott Blakely proceeded to CVS and found the crack in the building. Later that night, several officers conducted a surveillance on the location, waiting for the crime to occur.

At approximately 5:00 a.m., Rodefer and two accomplices arrived at CVS. The officers observed Rodefer repeatedly strike a window of a nearby business with a sledge hammer in an apparent attempt to gain access to that building. Subsequently, the officers converged on the perpetrators, and all three fled the scene. Two of the suspects managed to escape, but Rodefer was apprehended by Detective Phillip Harrison. Officer Gary Murphy was dispatched to the scene to transport Rodefer to jail. Murphy performed a search incident to a lawful arrest and found Rodefer to have in his possession a "crack pipe," a tin can containing 1.02 grams of crack cocaine, a baggie containing 16.46 grams of powder cocaine, and $1,146.00 in cash.

■ This appeal stems from a faulty jury instruction given at trial. Appellee, who initially appealed to the Court of Appeals, concedes that he did not properly preserve the error for appellate review. Nevertheless, the Court of Appeals determined that the error was palpable, RCr 10.26, in that it allowed the jury to convict Rodefer pursuant to a theory not supported by law.

The pertinent parts of the jury instructions given at trial are as follows:

"Traffic"—Means to distribute, dispense, sell, *transfer*, or possess with the intent to distribute, dispense, sell, or *transfer* a controlled substance.

You will find the Defendant guilty of First–Degree Trafficking in a Controlled Substance under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following

A. That in this county on or about July 3, 2002 and before the finding of the Indictment herein, he had in his possession a quantity of cocaine;

AND

B. That he knew the substance so possessed by him was cocaine;

AND

C. That he had the cocaine in his possession wit[h] the intent to sell, *transfer*, dispense, or distribute to another.

(Emphasis added.)

Rodefer correctly asserts that the above instruction allowed the jury to convict him of trafficking in the first degree if the jury found that *he possessed cocaine with the intent to transfer to another.* KRS 218A.1412(1) provides that a person is guilty of trafficking in a controlled substance in the first degree when he knowingly and unlawfully traffics in a controlled substance. "Traffic" is defined in KRS 218A.010(34) as "to manufacture, distribute, dispense, sell, *transfer*, or *possess with intent to manufacture, distribute, dispense, or sell a controlled substance.*" (Emphasis added.) Noticeably absent from this statutory definition is the "possessed with intent to transfer" language in the trial court's instruction.

The Commonwealth contends that the words "transfer" and "distribute" are interchangeable. "Transfer" is defined in KRS 218A.010(35) as "to dispose of a controlled substance to another person without consideration and not in furtherance of commercial distribution." Just as "transfer" is defined, so, too, are "manufacture," "distribute," "dispense," and "sell." KRS

218A.010(16), (10), (8), (31). If the General Assembly had deemed the word "transfer" to be interchangeable with "distribute," it likely would not have gone to such lengths to differentiate between those words by providing separate definitions.

◼ In *Commonwealth v. Whitmore,* 92 S.W.3d 76 (Ky.2002), the concurring opinion pointed out that "[t]he [G]eneral [A]ssembly has not defined 'possession with the intent to transfer' as trafficking." *Id.* at 82 n. 3. (Keller, J., concurring). We agree, as the text of the statute is clearly without any language defining trafficking as "possession with the intent to transfer." "The words of the statute are to be given their plain meaning unless to do so would constitute an absurd result." *Executive Branch Ethics Com'n v. Stephens,* 92 S.W.3d 69, 73 (Ky.2002). The General Assembly had the prerogative to include the term transfer in the "possess with intent" language of the statute but chose not to do so. Inclusion of a word in one part of a statute and exclusion in another is a strong indicator of legislative intent, thus leading the Court to believe that the exclusion was purposeful. Therefore, we hold that it was error for the trial court to include the aforementioned language in the instructions that were given to the jury.

◼ Although we agree with the Court of Appeals that the instruction given in this case was improper, we disagree with its conclusion that it constituted palpable error. A palpable error is one which affects the substantial rights of a party and which has resulted in manifest injustice. RCr 10.26. "[T]he error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *Brock v. Commonwealth,* 947 S.W.2d 24, 28 (Ky. 1997). Here, Rodefer was arrested and found to be in possession of an abnormally large amount of cash and illegal drugs. In his brief to this Court, Rodefer argues that

the drugs were strictly for personal use, but the jury obviously disbelieved his testimony. Rodefer further admitted that the cocaine was his, and that he "shared" the cocaine with one of his two accomplices on the night of the crime. Thus, his own testimony would have supported a conviction of trafficking under the "transfer" alternative of KRS 218A.010(34), though not under the "possession with intent to [traffic]" alternative. In view of Appellant's own testimony that he, in fact, committed the offense of which he was convicted, albeit by an alternative method, we conclude that the faulty instruction did not result in manifest injustice, much less seriously affect the fairness, integrity, or public reputation of judicial proceedings.

Accordingly, we reverse the decision of the Court of Appeals, and reinstate the final judgment of the Fayette Circuit Court.

COOPER, GRAVES, JOHNSTONE, ROACH, SCOTT, and WINTERSHEIMER, JJ., concur.

LAMBERT, C.J., not sitting.