**UNITED STATES of America, Appellee,**

v.

**Kareem Sekou CRAFT, Appellant.**

**No. 94–1756.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 25, 1994.

Decided Aug. 1, 1994.

Gerald V. Tanner, Jr., St. Louis, MO, argued (Kenneth H. Gibert, on the brief), for appellant.

Kenneth R. Tihen, St. Louis, MO, argued, for appellee.

Before FAGG, WOLLMAN, and BEAM, Circuit Judges.

FAGG, Circuit Judge.

After Kareem Sekou Craft exited an airplane at the St. Louis airport, police officers asked Craft if they could pat him down and Craft consented. During the search, an officer felt bulges around Craft's ankles. Believing the bulges were drugs, the officer lifted Craft's pant legs and discovered packages taped to Craft's ankles. The packages contained cocaine and heroin. When the government charged Craft with possession with intent to distribute cocaine and heroin under 21 U.S.C. § 841(a)(1), Craft moved to suppress the drugs seized from his ankles. Following a hearing before a magistrate judge, the district court held an additional evidentiary hearing and denied Craft's motion. The district court concluded the officers lawfully seized the drugs under the plain-feel doctrine. *See Minnesota v. Dickerson*, —— U.S. ——, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). Craft then pleaded guilty to the charges. Craft appeals and we affirm.

■ Craft contends the officers had no justification to seize the packages taped to his ankles without a warrant, and thus, the district court should have suppressed the cocaine and heroin found in the packages. We disagree. Under *Dickerson*, an officer may seize an object discovered in a pat-down search if the object's incriminating character is immediately apparent to the officer's touch. *Id.* at ——, 113 S.Ct. at 2137. Although *Dickerson* involved a stop and frisk under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), we believe the plain-feel exception to the warrant requirement announced in *Dickerson* applies to consensual pat-down searches as well. In *Dickerson*, the Supreme Court clearly stated that the analogous plain-view doctrine applies "to cases in which an officer discovers contraband through the sense of touch during an otherwise lawful search." *Dickerson*, —— U.S. at ——, 113 S.Ct. at 2137; *see United States v. Martin*, 982 F.2d 1236, 1238–39 (8th Cir.1993) (pat-down search following valid consent is constitutionally permissible).

■ In this case, Craft concedes he voluntarily consented to a pat-down search. Nevertheless, Craft argues the sense-of-touch rule does not apply to this case because the contents of the bulges on his ankles could not have been immediately apparent to the officers. The record, however, clearly reveals otherwise. At the suppression hearing, the officer who searched Craft testified that the bulges on Craft's ankles protruded out from the skin and felt like hard, compact packages attached to Craft's ankles. Based on the officer's seven years of experience as a drug enforcement officer at the airport, the officer further testified that it became immediately apparent to him when he felt the bulges on Craft's ankles that the bulges were packages of controlled substances. Because the officer became aware of the objects' incriminating character before he lifted Craft's pant legs, the officer was justified in lifting the pants and seizing the contraband without a warrant. *See United States v. Ward*, 23 F.3d 1303, 1306 (8th Cir.1994). Thus, the district court properly denied Craft's suppression motion.

■ Craft also contends the district court abused its discretion in holding a second evidentiary hearing on the suppression motion. Under 28 U.S.C. § 636(b)(1), however, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The [district court] may also receive further evidence or recommit the matter to the magistrate with instructions." We conclude the district court did not abuse its discretion in receiving further evidence that was relevant to the suppression motion. *See Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir.1989).

Thus, we affirm.