**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony SOUTHARD, Defendant–
Appellant.**

No. 00–3855.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2001.

Before SILER, CLAY, and GIBSON,* Circuit Judges.

*ORDER*

Anthony Southard, a federal prisoner, appeals the district court's order denying his motion to suppress evidence which led to his conviction and sentence for possessing with intent to distribute approximately 100.3 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Southard was indicted on the two counts described above in addition to one count of being a felon in possession of a firearm. The government subsequently filed a notice under 21 U.S.C. § 851(a)(1) that it intended to seek an enhanced sentence because of a prior felony drug conviction. Southard filed a motion to suppress evidence, arguing that the arresting officer's actions exceeded the scope of a lawful patdown of his person under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and that the subsequent search of his automobile was, therefore, also unlawful. Following a hearing conducted on March 31, 2000, the district court denied the motion to suppress. On April 10, 2000, Southard pleaded guilty to counts 1 and 2 of the indictment, pursuant to a conditional plea agreement that reserved his right to appeal the denial of his motion to suppress. The district court sentenced Southard on June 27, 2000, to 240 months in prison on the drug charge and a consecutive 60 months on the firearm charge, followed by ten years of supervised release.

On appeal, Southard argues that the district court erred in: (1) finding that the pat-down frisk did not exceed the bounds of *Terry v. Ohio;* and (2) denying his motion to suppress the drugs and weapon seized from his automobile, where those seizures were incident to an unlawful arrest.

This court reviews a district court's findings of fact on a motion to suppress for clear error and reviews its conclusions of law *de novo.* *United States v. Waldon,* 206 F.3d 597, 602 (6th Cir.), *cert. denied,*

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

531 U.S. 881, 121 S.Ct. 193, 148 L.Ed.2d 134 (2000); *United States v. Shamaeizadeh,* 80 F.3d 1131, 1135 (6th Cir.1996). The evidence is viewed in a light most favorable to the district court's decision. *Shamaeizadeh,* 80 F.3d at 1135. Moreover, the district court's credibility determinations carry considerable weight and this court has held that " '[f]indings of fact anchored in credibility assessment are generally not subject to reversal upon appellate review.' " *United States v. Ivy,* 165 F.3d 397, 401 (6th Cir.1998) (quoting *United States v. Taylor,* 956 F.2d 572, 576 (6th Cir.1992)).

▪ Southard does not challenge the district court's finding that the initial stop of Southard's automobile was proper. *See Ohio v. Robinette,* 519 U.S. 33, 38, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996); *Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *United States v. Akram,* 165 F.3d 452, 455 (6th Cir.1999). He does argue, however, that the pat-down search of his person exceeded that permitted during a *Terry* stop. The Supreme Court, in *Terry,* held that a police officer may conduct a pat-down search of a person to determine if he is carrying a weapon. *Terry,* 392 U.S. at 24. Such a frisk must be supported by the officer's reasonable belief that the suspect is armed and presently dangerous. *Ybarra v. Illinois,* 444 U.S. 85, 92–93, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979); *Terry,* 392 U.S. at 27. Officer White had received information that Southard was involved in unlawful drug activity and saw him reach between the car seats as if to place or retrieve a weapon when stopped. Upon these facts, as credited by the district court, the court did not err in concluding that Officer White had a reasonable belief that Southard might be armed and that a pat-down search was permissible in this case. In addition, the district court, after hearing the conflicting testimony of Southard and the police officers, credited the

officers' accounts to find that Southard also consented to the search.

During the pat-down, Officer White felt an object in Southard's left front pants pocket which, from his past experience, felt like a rock of crack cocaine. The rock, in the amount commonly referred to as an "8–ball," was approximately the circumference of the face of a man's wrist watch and was in a plastic baggie, tied in a knot at the top. Upon feeling the drugs, Officer White reached into Southard's pocket, retrieved the plastic baggie containing the crack, and instructed Officer Foley to handcuff Southard, placing him under arrest. Southard argues that this search and seizure exceeded the permissible bounds of the "plain touch" doctrine set forth in *Minnesota v. Dickerson,* 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).

▪ In *Dickerson,* the Supreme Court recognized a plain touch corollary to the already-established plain view doctrine. Thus, an officer may seize contraband detected during a *Terry* frisk if the object's identity is "immediately apparent" to the officer's touch. *Id.* at 375. The district court expressly credited Officer White's testimony that, from his experience in patting down suspects and detecting crack cocaine through clothing, he instantly recognized the hard, lumpy object in Southard's pocket as crack cocaine without further manipulation of the object. This finding is not clearly erroneous and distinguishes this case from that of *Dickerson,* in which the Supreme Court held that the officer's action in squeezing, sliding, and otherwise manipulating the object took the action outside of the bounds of "plain touch." *See id.* at 378; *United States v. Ashley,* 37 F.3d 678, 680 (D.C.Cir.1994); *United States v. Craft,* 30 F.3d 1044, 1045 (8th Cir.1994). Therefore, the district court did not err in finding that the seizure of the rock of crack cocaine from

Southard's pocket did not violate Southard's Fourth Amendment rights.

Southard's challenge to the search of his automobile and the resulting seizure of a weapon and over 100 grams of crack cocaine relies upon a determination that the initial search and seizure was unconstitutional. Once Officer White lawfully discovered and seized the rock in Southard's pocket, he had probable cause to arrest Southard and the automobile was subject to search incident to a lawful arrest. *See New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *United States v. Hudgins*, 52 F.3d 115, 120 (6th Cir.1995).

Accordingly, the district court did not err in denying Southard's motion to suppress evidence and the district court's judgment, entered on June 30, 2000, is affirmed.