**COMMONWEALTH of Kentucky**
**Appellant/Cross–Appellee**

v.

**Raymond WHITMORE Appellee/Cross–Appellant**

No. 2000–SC–0932–DG,
2001–SC–0669–DG.

Supreme Court of Kentucky.

Nov. 21, 2002.

Rehearing Denied Jan. 23, 2003.

Albert B. Chandler III, Attorney General, Dennis W. Shepherd, Assistant Attorney General, Courtney J. Hightower, Assistant Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellant/Cross–Appellee.

Daniel T. Goyette, Frank Wm. Heft, Jr., Office of the Jefferson District Public Defender, Louisville, Counsel for Appellee/Cross–Appellant.

## OPINION OF THE COURT

This appeal is from a decision of the Court of Appeals which reversed the conviction of Whitmore of one count of first-degree trafficking in a controlled substance. He had received a six-year sentence of imprisonment.

The questions presented are whether the search of Whitmore was constitutional; whether the seizure of the crack cocaine in his pocket was proper under the "plain feel" rule, and whether the jury instructions violated principles of unanimity of verdict.

The police went to a residence to serve an arrest warrant for an assault. They were allowed inside by a resident where they found approximately six people. Whitmore was sitting on a couch and a police officer recognized that he fit the description of an individual sought for questioning in connection with the assault. The officer observed that he was fidgeting around with his hand in his jacket pocket. Whitmore was turning away from the officer so she could not see exactly what he was doing with his hands. She asked Whitmore his name and he untruthfully identified himself as "Mike." The officer then asked him to stand and take his hand out of his pocket which he refused to do. Eventually he did stand and the officer conducted a pat down search to ensure that he was not carrying any weapons. The officer felt a bulge in the right front pocket of the light nylon jacket Whitmore was wearing. She testified at the suppression hearing that based on her experience with previous drug arrests, she believed that by the sense of touch that a bulge in his pocket was a bag of crack cocaine. The officer described the bulge as round and hard with edges that protruded. She arrested Whitmore and conducted a more complete search discovering that the bulge contained approximately 20 to 25 pieces of crack cocaine, individually wrapped, and then wrapped in a plastic bag. The amount of cocaine was approximately 6.24 grams or 0.21 oz.

At the suppression hearing, the trial judge refused to suppress the evidence, finding that it came within the "plain feel" rule. At trial, Whitmore claimed that the crack cocaine was not his and that he was holding it for his cousin and he would soon return it to him. Whitmore was convicted of first-degree trafficking in a controlled substance and sentenced to six years in prison.

The Court of Appeals reversed the conviction citing *Commonwealth v. Crowder*, Ky., 884 S.W.2d 649 (1994), holding that a simple bulge in the pocket of the jacket

could not qualify as being immediately apparent contraband as required under the "plain feel" rule. The Commonwealth appealed the decision of the Court of Appeals in excluding the seized contraband and Whitmore cross-appealed on the issue of jury instructions. This Court granted both the motion and cross-motion and accepted discretionary review.

## A. Standard of Review

■ Our standard of review of a decision of the circuit court on a suppression motion following a hearing is twofold. First, the factual findings of the circuit court are conclusive if they are supported by substantial evidence. RCr 9.78; *Canler v. Commonwealth,* Ky., 870 S.W.2d 219 (1994). Second, when the findings of fact are supported by substantial evidence, the question then becomes whether the rule of law as applied to the established facts is violated. *Adcock v. Commonwealth,* Ky., 967 S.W.2d 6 (1998). Kentucky has adopted the standard of review approach expressed by the United States Supreme Court in *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). See *Commonwealth v. Banks,* Ky., 68 S.W.3d 347 (2001). *Ornelas, supra,* states in part as follows:

> [A]s a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal. Having said this, we hasten to point out that a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.

517 U.S. at 699, 116 S.Ct. at 1663, 134 L.Ed.2d at 920.

The *Ornelas* court recognized that police may draw inferences of illegal activity from facts that may appear innocent to a lay person and that a reviewing court should give due weight to the assessment by the trial court of the credibility of the officer and the reasonableness of the inferences.

## I. Pat Down Lawful

■ A protective search which is permitted without a warrant and on the basis of reasonable suspicion less than probable cause must be strictly limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *see also Crowder, supra.* The purpose of the limited search is not to discover evidence of a crime, but to allow the officer to pursue the investigation without fear of violence. *Minnesota v. Dickerson,* 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).

Here, the officer had a reasonable belief that Whitmore was armed. The officer was a police liaison in the housing project which was in a high crime and drug trafficking area. She had been to the apartment, where Whitmore was staying, numerous times before and had seen weapons there. When the officer entered the apartment, Whitmore began fidgeting and turning away from her. He then gave the officer a false name and refused to remove his hand from his pocket upon request. Considering the totality of the circumstances, the police officer had sufficient facts to form a reasonable belief that Whitmore was armed and that she was entitled to conduct a protective pat down search. The trial judge correctly overruled the motion to suppress the crack cocaine evidence based on the claim of an unlawful pat down.

## II. Plain Feel

When a police officer lawfully pats down the outer clothing of a suspect and feels an object whose contour or mass makes its identity immediately apparent, there is no violation of privacy beyond that already permitted by the pat down search for weapons. *Dickerson, supra.* The warrantless seizure of such materials is justified under the same principles expressed in the plain view doctrine.

In Kentucky, in determining whether a "plain feel" or "plain touch" rule is applicable, it has been concluded that a narrowly drawn exception to the requirement for a warrant is appropriate when the requirements of *Terry, supra,* are otherwise met and the nonthreatening contraband is immediately apparent from a sense of touch. *See Pitman v. Commonwealth,* Ky.App., 896 S.W.2d 19 (1995); *Crowder.*

We are persuaded by those federal circuit court decisions that hold that evidence can be properly seized under the plain feel doctrine unless the officer doing the pat down manipulated the object in some way before determining it to be contraband or if the contraband is in a container, thus, making its identity not immediately apparent. See *U.S. v. Hughes,* 15 F.3d 798 (8th Cir.1994), where it was held that evidence was properly seized under the plain feel doctrine after an officer immediately recognized the crack cocaine as contraband and there was no manipulation of the contraband. See *U.S. v. Ashley,* 37 F.3d 678 (D.C.Cir.1994), where it was held that evidence was properly seized under the plain feel doctrine because, based on the experience of an officer, the identity of the crack cocaine was immediately apparent. See also *U.S. v. Craft,* 30 F.3d 1044 (8th Cir.1994).

Here, the officer testified at the suppression hearing that she had four years experience as a police officer and had participated in over 100 drug arrests. She stated that Whitmore was wearing a light nylon jacket and that when she did the pat down search, the bag of crack cocaine was immediately recognizable based on her experience. The officer testified to specific and articulable facts that the bulge in the nylon jacket contained contraband. She described the amount, the shape and the packaging and the unique feel of the substance. She stated that these facts indicated to her, based on her experience, that the bulge was crack cocaine. Moreover, the substance was not in any container that shielded its identity. The seizure of the crack cocaine was lawful and the trial judge was correct in overruling the motion to suppress. The factual findings of the trial judge in this situation are conclusive. RCr 9.78. The decision of the trial judge was correct as a matter of law. The pat down of Whitmore and the seizure of the crack cocaine from his pocket did not violate either the federal or state constitution in any regard. We reverse the Court of Appeals on this issue.

## III. Jury Instructions

On cross-appeal Whitmore designated an additional issue which was not reached by the Court of Appeals, to-wit: the unanimity of the jury verdict. Whitmore tendered a trafficking instruction which allowed the jury to convict him if it found that he possessed crack cocaine with the intent to sell it to another person. The trafficking instruction given by the trial judge allowed the jury to find Whitmore guilty if it found that he possessed crack cocaine "with the intent to distribute, dispense, sell, or transfer it to another person." Whitmore argues that the evidence at trial would only support a trafficking conviction based on a finding that he possessed cocaine with an intent to sell it to another person. Thus, he asks this Court

to consider whether a trafficking instruction which allows the jury to convict him on theories that were not supported by the evidence violates his constitutional right to a unanimous verdict. He contends that a trafficking instruction violates the unanimity requirement of the Kentucky constitution, Sections Two, Seven and Eleven as well as RCr 9.82(1) and the federal constitution, if it presents the jury with theories of guilt that are not supported by the evidence. He cites *Burnett v. Commonwealth*, Ky., 31 S.W.3d 878 (2000).

*Burnett, supra*, held that a defendant is denied a unanimous verdict when the jury is presented with alternate theories of guilt in the instructions, and one or more of those theories, but not all, are unsupported by the evidence. The majority in that case held that such error, when preserved, was not subject to a harmless error analysis.

Here, the evidence was sufficient for the jury to believe that Whitmore was guilty of possessing cocaine with intent to sell it. Whitmore concedes as much. The jury could also easily infer that he possessed it with the intent to distribute it. The inaccuracy with the instruction was that it also included the elements of manufacturing and dispensing. Such inaccuracy stems from the statutory definitions in KRS 218A.010. Subsection 28 of that statute defines "traffic" as ". . . to manufacture, distribute, dispense, sell, transfer or possess with intent to manufacture, distribute, dispense, or sell a controlled substance." In this case, there was no evidence that Whitmore possessed the cocaine with the intent to manufacture or dispense it.

█ As noted in *Burnett*, "It cannot be ascertained from the verdict form or otherwise from the record that all the jurors voted to convict the defendant on a theory supported by the evidence." Any instruction which permits a conviction on the basis of alternative theories that are not supported by the evidence runs afoul of the due process requirement that each juror's verdict be based on a theory of guilt in which the Commonwealth has proven each and every element beyond a reasonable doubt. Here, there was insufficient evidence that Whitmore possessed the cocaine with intent to manufacture or dispense it, and thus the trafficking instruction violated the unanimity requirement.

The judgment of conviction is reversed and this matter is remanded to the circuit court for a new trial at which the jury is to be instructed that it can only find Whitmore guilty of trafficking if he possessed the cocaine with the intent to sell or distribute it, accompanied by the statutory definition of those terms.

The opinion of the Court of Appeals is reversed and this matter is remanded to the circuit court for a new trial.

COOPER, GRAVES, JOHNSTONE and STUMBO, JJ., concur.

KELLER, J., concurs by separate opinion.

WINTERSHEIMER, J., dissents to Part III by separate opinion and is joined by LAMBERT, C.J.

KELLER, Justice, Concurring.

Although I agree completely with the majority opinion's bottom-line conclusion that, while "[t]he pat down of Whitmore and the seizure of the crack cocaine from his pocket did not violate either the federal or state constitution,"[1] Appellant's conviction must be reversed and remanded for a new trial because "the trafficking instruction violates the unanimity requirement,"[2]

---

**1.** Majority Opinion at 92 S.W.3d at 80 (2002).

**2.** *Id.* at 81.

I write separately because I do not believe the majority opinion adequately describes the instructional errors in this case that permitted the jury to return a non-unanimous verdict, and I believe that a more complete analysis of those errors will be of benefit to the bench and bar.

In this case, Instruction No. 1 set forth the trial court's jury instruction on the offense of First–Degree Trafficking in a Controlled Substance:

> You will find the Defendant, Raymond Whitmore, guilty under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> A. That in Jefferson County, Kentucky, on or about the 22nd day of April, 1998, the Defendant had in his possession a quantity of Cocaine;
>
> B. That in so doing, the Defendant knew the substance was Cocaine;
>
> AND
>
> C. That he had the Cocaine in his possession with the intent to distribute, dispense, sell or transfer it to another person.[3]

Standing alone, this instruction violated Appellant's right to a unanimous verdict because there was no evidence introduced at trial to support the theory that Appellant possessed cocaine with the intent to "dispense" it as Kentucky's Controlled Substances Act defines that term.[4] The majority opinion in this case, however, correctly observes that the trial court's instructions permitted the jury to return a non-unanimous verdict for yet another reason—they erroneously "included the element[ ] of manufacturing"[5] and no evidence was introduced at trial to support a conclusion that Appellant possessed cocaine with the intent to "manufacture"[6] it. Of course, an examination of instruction No. 1 will reveal that the trial court's substantive instruction as to First–Degree Trafficking in a Controlled Substance does not contain the word "manufacture" or any derivation of it. The question left unanswered by the majority opinion, therefore, is "how did the instructions erroneously present the 'manufacture' theory?" And, because I believe that an answer to that question may help Kentucky trial courts avoid similar errors in the future, I write separately in the hopes of answering it.

Although Instruction No. 1, standing alone, improperly permitted the jury to return a non-unanimous verdict under the "dispense" theory, Instruction No. 1 unfortunately did not stand alone. Instead, the trial court's Instruction No. 3 included a separate definition of the term "trafficking" that mirrored the definition of that term in KRS 218A.010(28) and presented the "manufacture" theory unsupported in the evidence:

> "Trafficking"—Means to manufacture, distribute, dispense, sell, transfer or possess with the intent to manufacture,

---

3. In addition to the unanimous verdict concerns identified elsewhere this instruction erroneously permitted the jury to find appellant guilty of first-degree trafficking if it believed that he possessed cocaine with the intent to "transfer" it. The general assembly has not defined "possession with the intent to transfer" as trafficking. *See* KRS 218A.010(28).

4. *See* KRS 218A.010(7) (" 'Dispense' means to deliver a controlled substance to an ultimate user or research subject by or pursuant to the lawful order of a practitioner, including the packaging, labeling, or compounding necessary to prepare the substance for that delivery.").

5. Majority Opinion, *supra* note at 81.

6. *See* KRS 218A.010(13).

distribute, dispense, or sell a controlled substance.

In the past, this Court has observed that jury instructions purporting to "define" criminal offenses separately from substantive jury instructions are "surplusage, since the substantive instructions embod[y] the essentials of the definition." [7] And I have previously expressed my fear that a separate, abstract definition of a criminal offense, especially when it differs from the jury instruction that sets forth the elements of that offense in a particular case, "risks jury confusion and invites error." [8] That fear has apparently come home to roost, as the instructions in this case, when viewed in their totality, risked a non-unanimous verdict not only because Instruction No. 1 presented a "dispense" theory unsupported by the evidence, but also because the misleading definition of "trafficking" contained in Instruction No. 3 presented a "manufacture" theory unsupported by the evidence. When, as here, the same set of instructions contains two different definitions of the same crime, we cannot with any degree of confidence assert that, in deliberating the defendant's guilt, the jury considered only one of the two definitions. Accordingly, I again "caution the trial courts of the Commonwealth of the risks of abstractly defining an offense separately within the jury instructions." [9]

WINTERSHEIMER, Justice, Dissenting.

I must respectfully dissent from the opinion written for the majority in this matter because any possible error in the instruction was totally harmless pursuant to RCr 9.24.

The evidence at trial demonstrated that Whitmore was either possessing the cocaine with the intent to sell, or according to him, holding it for his cousin. Thus, no reasonable juror could have convicted Whitmore of anything but possession with intent to sell or mere possession. In order to find Whitmore guilty of possession with intent to dispense, distribute or transfer the cocaine, the jury would have had to ignore the evidence presented. As noted by Justice Graves in his dissenting opinion in *Burnett*, any error was harmless.

I would reverse the decision of the Court of Appeals and affirm the original conviction.

LAMBERT, C.J., joins this dissent.

---

7. *Tharp v. Commonwealth,* 40 S.W.3d 356, 364 (2001).

