RENDERED:  SEPTEMBER 10, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0199-DG

HENRY BOSHART                                                            APPELLANT

v.

ON DISCRETIONARY REVIEW FROM
HARDIN CIRCUIT COURT
HONORABLE KEN M. HOWARD, JUDGE
ACTION NO. 19-XX-00005

COMMONWEALTH OF KENTUCKY                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND TAYLOR, JUDGES.

DIXON, JUDGE:  Henry Boshart appeals from the order affirming the Hardin

District Court's denial of his suppression motion, entered on January 10, 2020, by

the Hardin Circuit Court.  Following a careful review of the record, briefs, and law,

we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On August 22, 2018, Boshart was operating his vehicle on the wrong side of a divided highway in Hardin County, Kentucky. He was observed by Officer Richardson of the Hodgenville Police Department (HPD), who was on his way to work in Larue County, Kentucky, in his cruiser. Officer Richardson activated his emergency lights[1] with the intention of getting the driver's attention and alerting him that he was traveling against the flow of traffic so that he could self-correct this behavior. However, the driver pulled over and stopped the vehicle–at an angle–in the left-hand median of the highway.

Officer Richardson parked behind the vehicle with his lights on to alert other motorists. He approached the vehicle on the passenger side to speak with the driver and smelled the strong odor of alcohol. The driver seemed confused but told Officer Richardson his name and that he did not have his operator's license with him.

Officer Richardson contacted the Elizabethtown Police Department (EPD), relayed the information about his encounter with Boshart, and requested they dispatch an officer to his location. Officer Slaubaugh of the EPD responded,

---

[1] Defense counsel made and continues to make arguments concerning whether Officer Richardson activated his lights and left them on during the entire encounter or whether–as Officer Richardson testified–the lights were activated briefly initially and then left on while parked behind Boshart's vehicle. As noted by the court, this issue is immaterial to the crux of whether the suppression motion was properly granted.

and Officer Richardson left the scene. Officer Slaubaugh conducted standard field sobriety tests, all of which Boshart failed. He was taken into custody and, at the EPD station, blew a 0.190.

Boshart was charged in the Hardin District Court with careless driving; operating a motor vehicle under the influence of alcohol with an aggravator, first offense; and failure to have his operator's license in his possession while operating a motor vehicle. Boshart moved to suppress all evidence against him, asserting that Officer Richardson was acting outside his jurisdiction of Larue County when he pulled Boshart over. After the matter was briefed and a pretrial conference held, the motion was denied, and Boshart appealed to the Hardin Circuit Court, which affirmed the lower court. Boshart subsequently moved our Court for discretionary review, and the motion was granted.

**STANDARD OF REVIEW**

The standard of review of a denial of a motion to suppress is two-fold: "[f]irst, the trial court's findings of fact are conclusive if they are supported by substantial evidence; and second, the trial court's legal conclusions are reviewed de novo." *Milam v. Commonwealth*, 483 S.W.3d 347, 349 (Ky. 2015) (citing *Commonwealth v. Marr*, 250 S.W.3d 624, 626 (Ky. 2008); RCr[2] 9.78). "At a suppression hearing, the ability to assess the credibility of witnesses and to draw

---

[2] Kentucky Rules of Criminal Procedure.

reasonable inferences from the testimony is vested in the discretion of the trial court." *Pitcock v. Commonwealth*, 295 S.W.3d 130, 132 (Ky. App. 2009) (citing *Commonwealth v. Whitmore*, 92 S.W.3d 76, 79 (Ky. 2002)). "In conducting our review, our proper role is to review findings of fact only for clear error while giving due deference to the inferences drawn from those facts by the trial judge." *Perkins v. Commonwealth*, 237 S.W.3d 215, 218 (Ky. App. 2007) (citing *Whitmore*, 92 S.W.3d at 79).

## ANALYSIS

Boshart's arguments on appeal hinge upon the premise that since Officer Richardson pulled him over in Hardin County, he was without jurisdiction and exceeded his authority, making all evidence of Boshart's offenses suppressible. Boshart relies on KRS[3] 95.019(1), which provides:

> The chief of police and all members of the police force in urban-county governments and cities shall possess all of the common law and statutory powers of constables and sheriffs. **They may exercise those powers, including the power of arrest for offenses against the state, anywhere in the county in which the urban-county government or city is located**, but the chief of police and members of the police force in a city shall not be required to police any territory outside of the city limits.

---

[3] Kentucky Revised Statutes.

(Emphasis added.)  There is not an abundance of case law interpreting this statute and no case discussing the exact situation now before us.  Accordingly, we turn to the most similar cases for guidance.[4]

In *Churchwell v. Commonwealth*, 843 S.W.2d 336, 340 (Ky. App. 1992), another panel of our Court interpreted a similar statute conferring police powers upon park rangers.[5]  In *Churchwell*, Officer Reed–a park ranger–observed a vehicle slowly cruising the marina area of Kentucky Dam Village State Park, which he deemed to be suspicious.  Officer Reed followed the vehicle and stopped it approximately four miles outside the park.  *Id*. at 339.  The Court noted that while KRS 431.045 provides:  "[a] peace officer in actual pursuit may continue

---

[4]  Although Boshart lists several cases with conclusory assertions that these cases support his contentions, none of the cases he cites compel suppression in the case now before us.

[5]  The statute at issue in that case, KRS 148.056(1), provides:

> The commissioner of parks, in his discretion, may employ and commission park rangers as the commissioner deems necessary to secure the parks and property of the Department of Parks and to maintain law and order and such employees, when so commissioned, shall have all of the powers of peace officers and shall have **on all parks property and on public highways transversing such property in all parts of the state** the same powers with respect to criminal matters and enforcement of the laws relating thereto as sheriffs, constables and police officers in their respective jurisdictions, and shall possess all the immunities and matters of defense now available or hereafter made available to sheriffs, constables and police officers in any suit brought against them in consequence of acts done in the course of their employment.

(Emphasis added.)

such pursuit across corporate or county lines for the purpose of making an arrest[,]" Officer Reed was ***not*** in pursuit of someone who had committed a crime within the park. *Id*. The Court ultimately held that since the stop occurred outside the park ranger's jurisdiction, it was improper. *Churchwell*, 843 S.W.2d at 399. The Court found "[s]ince exigent circumstances did not exist, Officer Reed could have radioed other law enforcement officials to continue the investigation outside the park area." *Id*. at 340. The Court also specifically noted, "If he had a reasonable and articulable suspicion that the men were, or had been, engaged in criminal activity, Reed could have made a brief investigatory stop inside the park . . . [but t]here is no evidence that the men behaved more suspiciously once they exited the park." *Id*.

Here, it is undisputed Officer Richardson was employed by the HPD of Larue County, and this incident occurred solely in Hardin County. It is also undisputed that Boshart's driving on the wrong side of a divided highway clearly constituted an exigent circumstance that required immediate action. Even so, Officer Richardson used the least intrusive means possible to mitigate the threat to public safety in hailing Boshart with his lights and staying with him until another officer from within the proper jurisdiction arrived to investigate. Thus, the case herein is distinguishable from *Churchwell*.

In *Pope v. Commonwealth*, ___ S.W.3d ___, 2021 WL 1743575 (Ky. Feb. 18, 2021), *reh'g denied* (Aug. 26, 2021), Pope moved the circuit court to suppress the deputies' testimony and any evidence gathered by the Boyle County Sheriff's Department or, alternatively, to dismiss the indictment altogether, claiming Boyle County deputies lacked jurisdiction to investigate in Lincoln County. On appeal, the Supreme Court of Kentucky agreed with the trial court's "ultimate conclusion of law that Pope's jurisdictional argument fails and thus cannot be a legal basis for either suppression of the evidence or dismissal of the indictment." *Id*. at *1. The Court observed: "even if Pope's jurisdictional challenge had merit, a motion to suppress, excluding the evidence, would not be the proper remedy." *Id*. Likewise, herein, Boshart's jurisdictional argument does not require suppression.

Furthermore, and contrary to Boshart's argument, *Fischer v. Commonwealth*, 506 S.W.3d 329 (Ky. App. 2016), a case relied upon by the circuit court, is *not* legally distinguishable from the case herein, although the police officers' out-of-county "knock and talk" at issue in *Fischer* was an action which any private citizen can lawfully undertake, and the undercover drug buy in Pope's case, as well as the use of a police vehicle's lights in Boshart's case, are not actions any private citizen can lawfully undertake. *Pope*, ___ S.W.3d ___, 2021 WL 1743575, at *2. Whether the officer is conducting actions any private citizen can

or cannot lawfully undertake is not the lynchpin of the legal analysis and did not require suppression in *Pope*; nor does it here.

In *Pope*, Kentucky's highest court noted: "KRS 431.007 grants an out-of-county assisting officer the authority to arrest. **It does not bestow any right on a defendant to be prosecuted for breaking the law _only_ when the investigation leading to his arrest was performed by an officer of the jurisdiction within which that defendant committed the crime**." *Id*. at \*3. (emphasis added). We find this logic applicable to the case herein and supportive of the lower courts' rulings. Although Officer Richardson was not investigating or seeking out Boshart prior to observing him driving in Hardin County, when he observed the hazardous driving, he was compelled–morally, if not legally–to do the right thing and remedy the hazard. Even if Officer Richardson was technically using his police powers outside his jurisdiction, this does not mean Boshart is to go free, for the reasons discussed in *Pope*. Counter to Boshart's assertions, this is not a case where "[t]he criminal is to go free because the constable has blundered." *People v. Defore*, 242 N.Y. 13, 21, 150 N.E. 585, 587 (1926).

Moreover, in *Elkins v. United States*, 364 U.S. 206, 222, 80 S. Ct. 1437, 1446, 4 L. Ed. 2d 1669 (1960), and *Terry v. Ohio*, 392 U.S. 1, 9, 88 S. Ct. 1868, 1873, 20 L. Ed. 2d 889 (1968), the United States Supreme Court held "what the Constitution forbids is not all searches and seizures, but *unreasonable* searches

-8-

and seizures." (Emphasis added.) When Officer Richardson used his emergency lights, it led to what can only be deemed a seizure under the Fourth Amendment; however, this was not an *unreasonable* seizure because Boshart was clearly violating the law and posing a threat to public safety. Thus, the seizure did not violate Boshart's rights.

It is well-established: the purpose of the exclusionary rule is to deter police misconduct. *Crayton v. Commonwealth*, 846 S.W.2d 684, 688 (Ky. 1992). "Suppression of evidence pursuant to the exclusionary rule applies *only* to searches that were carried out in violation of an individual's constitutional rights." *Copley v. Commonwealth*, 361 S.W.3d 902, 905 (Ky. 2012). Here, there was no violation of Boshart's Fourth Amendment–or any other constitutional–rights. "Without a constitutional right underpinning his motion to suppress, Appellant has no basis for application of the exclusionary rule." *Bratcher v. Commonwealth*, 424 S.W.3d 411, 415 (Ky. 2014). Consequently, the trial court did not err in denying Boshart's suppression motion.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Hardin Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeremy S. Aldridge
Elizabethtown, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Melanie Goff Biggers
Special Assistant Attorney General
Elizabethtown, Kentucky