RENDERED: JANUARY 14, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1762-MR

RICHARD CODY GREER　　　　　　　　　　　　　　APPELLANT

APPEAL FROM SHELBY CIRCUIT COURT
v.　　　　　HONORABLE CHARLES R. HICKMAN, JUDGE
ACTION NO. 19-CR-00080

COMMONWEALTH OF KENTUCKY　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, LAMBERT, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: Richard Cody Greer appeals from the Shelby Circuit

Court's judgment and sentence of conviction entered October 29, 2019, subsequent

to the court's order denying his motion to suppress. We affirm the circuit court.

On February 4, 2019, an informant contacted the Shelbyville Police

Department and reported that Greer was in the vicinity of the Shelby County public

library with a firearm. The informant's phone number was passed to Shelbyville

Detective Jeff McClellan who called the number and spoke with the informant. At the subsequent suppression hearing, McClellan testified that he personally knew the informant who had previously provided reliable information which had resulted in arrests. Greer contests McClellan's prior knowledge of the informant's identity.[1] However, the fact that the informant stated that Greer was at the public library with a pistol in his waistband while with Crystal Seay is not contested. McClellan knew both Greer and Seay. McClellan also knew that Greer was a convicted felon who was prohibited from possession firearms.

McClellan drove to the library with his partner Detective Brandon Pennington who also knew Greer since he had previously arrested him. When Greer and Seay were not found in the library's parking lot, Pennington went into the library and located them together. Immediately upon seeing the detective, Greer quickly left Seay and tried to leave the library through its rear door. Greer contests this version of the facts and asserts he was only walking towards the rear exit and was not doing so to avoid the detective. Pennington informed McClellan by radio of Greer's movements and McClellan came to the rear door. Greer was ordered by the officers to raise his hands and upon doing so, the officers saw that there was a pistol tucked into his waistband. The detectives disarmed him, found

---

[1] The informant was identified and named at the suppression hearing. We do not name the informant in this Opinion out of concern for the informant's safety.

the pistol was loaded, and placed Greer under arrest. Pursuant to a search, incident to the arrest, the detectives discovered Greer had a syringe and a digital scale, with the scale later determined to have methamphetamine residue on it.

Greer was indicted by the Shelby County Grand Jury on April 15, 2019. Greer filed a motion to suppress the evidence collected from him at the time of his arrest. Greer argued that his rights to be secure from unreasonable searches pursuant to the United States Constitution's Fourth Amendment had been violated as the officers "did not have sufficient indicia of reliability to stop [Greer] when they did." A hearing was conducted by the circuit court and post-hearing briefs were filed by the parties. The circuit court denied Greer's motion by a written order finding in pertinent part:

> The combination of a known tipster, who has previously provided reliable information to law enforcement, the substance of the tip, the corroboration of information provided by the tip, and then Greer's immediate attempt to flee from the building upon law enforcement approaching him to speak with him, are articulable facts sufficient to raise a reasonable suspicion that criminal activity was afoot to justify an investigatory stop of Greer, to ask him to stop and raise his arms.
>
> Once Greer raised his arms, Detective Pennington could see the handgun in Greer's waistband, which gave the officers probable cause to arrest Greer, who they knew was a convicted felon, of illegally possessing a handgun. The officers then had grounds to search Greer's person.

Following the denial of his motion to suppress, Greer entered a conditional guilty plea to possession of a handgun by a convicted felon, receiving stolen property (the firearm), carrying a concealed weapon, and illegal use or possession of drug paraphernalia while in possession of a handgun. Greer's guilty plea was accepted along with the Commonwealth's recommendation that the sentences for Greer's offenses run concurrently for a total sentence of ten years. As part of the negotiation for this plea, a charge of disorderly conduct second degree was dismissed. This appeal followed.

Greer's only issues on appeal stem from the circuit court's denial of his motion to suppress. On appeal Greer argues the circuit court accepted unfounded facts and that the officers lacked probable cause for the arrest. Alternatively, Greer asserts that the tip received by the officers lacked the sufficient indicia of reliability necessary to support a reasonable suspicion that, in turn, warranted the detectives' actions. Greer disputes details of the tip received, the informant being known to the detectives, and the overall factual scenario leading up to his stop and arrest. In Greer's opinion, these factual issues undermine the legality of the stop, search, arrest, and the circuit court's findings.

In reviewing the denial of a motion to suppress, we review factual findings for clear error and conclusions of law *de novo*. *Rhoton v. Commonwealth*, 610 S.W.3d 273, 275-76 (Ky. 2020). The circuit court's factual findings are

deemed conclusive if they are supported by substantial evidence. *Simpson v. Commonwealth*, 474 S.W3d 544, 546 (Ky. 2015).

First Greer raises the issue of whether the informant told the detective that he had dropped Greer off at the library. Greer asserts that the allegation that the informant had done so was adopted by the circuit court although it was not supported by testimony from either officer and was, thus, erroneous. This issue, however, is not dispositive to the ultimate issue of whether the officers had lawful cause to stop, search, or arrest Greer. Whether or not the informant told anyone that he or she had dropped Greer off at the library is immaterial to the salient facts that an informant, known as credible to law enforcement, had informed law enforcement that Greer, a convicted felon, was in the possession of a firearm in proximity to the public library. It is not necessary that an informant share a car ride with the person he or she informs on in order to have sufficient knowledge of a suspect's criminal activity to, in turn, support law enforcement's response.

Greer next asserts that the identity of the informant was not known to McClellan at the time of the arrest. This argument is raised by Greer to support his allegation that the informant was "anonymous," and the information given was "uncorroborated." Therefore, according to Greer, the officers lacked probable cause. While McClellan acknowledged that he did not know the identity of the caller when he received the tip, he clarified that he ascertained the informant's

identity when he called the informant back. McClellan testified this informant was previously known to him, and he knew this informant to be reliable from past experience.

The circuit court made a factual finding that the informant was not anonymous and had been a reliable source to law enforcement. Within suppression hearings, the trial court's ability to assess the credibility of witnesses, like Detectives McClellan and Pennington, and to draw reasonable inferences from that testimony is vested within its discretion. *Commonwealth v. Whitmore*, 92 S.W.3d 76, 79 (Ky. 2002). McClellan's testimony provided substantial evidence to support the circuit court's factual findings that the informant was known to McClellan and therefore not anonymous. Greer's attempt to discredit that testimony on appeal is simply not persuasive.

A police officer may make an investigatory stop if he possesses a reasonable suspicion that criminal activity is occurring. *Terry v. Ohio*, 392 U.S. 1, 27, 88 S. Ct. 1868, 1883, 20 L. Ed. 2d 889 (1968). We are confident that the informant's tip, when corroborated by who the police found at the library, provided sufficient reason to stop Greer and ask him to raise his arms. Once the firearm was revealed, the officers had probable cause to arrest Greer.

For the foregoing reasons, we find the Shelby Circuit Court did not err in its denial of Greer's motion to suppress evidence and affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Steven Nathan Goens
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Aspen Roberts
Assistant Attorney General
Frankfort, Kentucky