RENDERED: MARCH 4, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1740-MR

KEVIN RAY BURDINE                                                          APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JOHN E. REYNOLDS, JUDGE
ACTION NOS. 18-CR-00802-002 AND 19-CR-01044-002

COMMONWEALTH OF KENTUCKY                                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, DIXON, AND MAZE, JUDGES.

MAZE, JUDGE: The single question in this appeal is whether the Fayette Circuit

Court erred in refusing to suppress statements made in the course of a police

interrogation. Appellant Burdine argues that because the interrogation was

conducted without properly advising him of his *Miranda*[1] rights, any evidence

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

obtained in the interview must be suppressed.  Finding no error in the circuit court's denial of Burdine's motion, we affirm its decision in this case.

The facts are straight-forward and undisputed.  In the course of a police interrogation while in custody on unrelated charges, Burdine confessed to a burglary.  After Burdine subsequently moved to suppress his confession, the Fayette Circuit Court conducted a suppression hearing at which only Lexington Metro Police Detective David Fetko testified.  Detective Fetko stated that in July 2018, he went to the Fayette County Detention Center to interview Burdine about a February 2018 burglary.  While gathering preliminary information during the initial stages of the interrogation, Detective Fetko told Burdine that he was going to give him a little background information about the case and then read him his *Miranda* rights.  He did advise Burdine at that time "if you want to talk to me great, if you don't great."  However, Detective Fetko testified at the hearing that ten to fifteen minutes into the interview, he realized he had forgotten to read Burdine his rights.  At that point, Burdine had already confessed to having committed the burglary.

Detective Burdine also testified that upon realizing his mistake, he excused himself from the interrogation room in order to review the tape to confirm whether he had or had not given Burdine the requisite *Miranda* warnings.  The audio tape confirmed that Detective Fetko had failed to read Burdine his rights up

-2-

to that point. Dectective Fetko then re-entered the interrogation room, advised Burdine of his *Miranda* rights, asked Burdine a few questions, and reviewed the facts about the burglary. Burdine then admitted to committing the burglary a second time.

Detective Fetko admitted at the hearing that Burdine's first statement was more detailed and that Burdine's second statement was just a shorter version of the first. After listening to excerpts from the audio tape of the confession, the circuit court heard argument of counsel before denying Burdine's motion to suppress. Burdine thereafter entered a conditional guilty plea reserving for appellate review the denial of his motion to suppress his confession to having committed the crime charged.

The Supreme Court of Kentucky has clearly laid out the standards by which we review a trial court's ruling on a suppression motion. First, we review the trial court's factual findings for clear error and we are to "deem conclusive the trial court's factual findings if supported by substantial evidence." *Williams v. Commonwealth*, 364 S.W.3d 65, 68 (Ky. 2011). Next, we review *de novo* the trial court's application of the law to those facts. *Id*. Further, the ability to assess the credibility of witnesses and to draw reasonable inferences from the testimony at a suppression hearing "is vested in the discretion of the trial court." *Pitcock v. Commonwealth*, 295 S.W.3d 130, 132 (Ky. App. 2009) (citing *Commonwealth v.*

*Whitmore*, 92 S.W.3d 76, 79 (Ky. 2002)). With these principles in mind, we turn to an examination of the arguments pressed for reversal.

Relying upon *Missouri v. Seibert*, 542 U.S. 600, 124 S. Ct. 2601, 159 L. Ed. 2d 643 (2004), Burdine insists that the circuit court incorrectly applied the law in concluding that his second warned statement was admissible. Burdine maintains that his second statement was so tainted by the use of a technique commonly known as "Reverse *Miranda*" as to render it inadmissible. Burdine describes the technique as one in which an officer obtains a confession without reading the suspect the required *Miranda* warnings and then conducts a second interview after giving the *Miranda* warnings to confirm what the suspect had previously admitted to in the first interview. In *Seibert*, a majority of the United States Supreme Court held that the use of the invalid "question-first" technique during custodial interrogations necessarily casts doubt on the voluntary nature of any subsequent *Miranda* waivers. *Id*. at 612-13, 124 S. Ct. at 2610-11. *See also id.* at 619, 124 S. Ct. at 2614 (Kennedy, J., concurring).

However, as the Commonwealth points out, Justice Kennedy concurred in result only, stating that post-*Miranda* statements obtained using the "question-first" technique are invalid only where police deliberately employ the technique to circumvent the suspect's *Miranda* rights. *Id*. at 621-22, 124 S. Ct. at 2616 (Kennedy, J., concurring). Further, the Supreme Court of Kentucky has

-4-

noted in subsequent cases that because *Seibert* was a plurality decision, its holding is confined to the "position taken by those Members who concurred in the judgments on the narrowest grounds." *Callihan v. Commonwealth*, 142 S.W.3d 123, 126 (Ky. 2004) (quoting *Marks v. United States*, 430 U.S. 188, 193, 97 S. Ct. 990, 993, 51 L. Ed. 2d 260 (1977)).

Thus, in our view, the pivotal inquiry in this appeal is whether the confession in this case was obtained by the use of a deliberate police tactic like the one condemned in *Seibert* or was simply the product of a good-faith *Miranda* mistake similar to the officer's oversight in *Oregon v. Elstad*, 470 U.S. 298, 309, 105 S. Ct. 1285, 1293, 84 L. Ed. 2d 222 (1985). In *Elstad*, the Supreme Court concluded that:

> It is an unwarranted extension of *Miranda* to hold that a simple failure to administer the warnings, unaccompanied by any actual coercion or other circumstances calculated to undermine the suspect's ability to exercise his free will, so taints the investigatory process that a subsequent voluntary and informed waiver is ineffective for some indeterminate period. Though *Miranda* requires that the unwarned admission must be suppressed, the admissibility of any subsequent statement should turn in these circumstances solely on whether it is knowingly and voluntarily made.

470 U.S. at 309, 105 S. Ct. at 1293.

Here, after considering the evidence presented at the hearing in light of those opinions, the circuit court entered the following findings and conclusions:

The Officer advised Mr. Burdine prior to the initial interrogation that he did not have to answer his questions and that he would be given his formal *Miranda* rights. However, the Officer failed to give him his *Miranda* rights once the conversation began. There is no evidence that the [O]fficer purposefully or deliberately employed this tactic. Therefore, as the Supreme Court explained in *Missouri v. Seibert*, the principles of *Elstad* should be applied because the two-step approach was not deliberately used. 542 U.S. at 603. The question then is whether Mr. Burdine knowingly and voluntarily gave his second confession.

As to the nature of Burdine's second confession, the circuit court found no evidence that Detective Fetko coerced Burdine into confessing, nor anything to suggest that Detective Fetko employed improper tactics in making Burdine agree to the statements he made in the first non-*Mirandized* confession. Thus, the circuit court found there was no reason to believe that Burdine's second confession had not been voluntarily and knowingly given. Again citing *Elstad*, the circuit court concluded that Burdine had simply "responded to unwarned yet uncoercive questioning" and thus he was "not thereby disabled from waiving his rights and confessing after he [had] been given the requisite *Miranda* warnings."

We reiterate the rationale underpinning *Elstad*:

We must conclude that, absent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion. A subsequent administration of *Miranda* warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the

-6-

conditions that precluded admission of the earlier statement. **In such circumstances, the finder of fact may reasonably conclude that the suspect made a rational and intelligent choice whether to waive or invoke his rights**.

470 U.S. at 314, 105 S. Ct. at 1296 (emphasis added).

Burdine nevertheless argues that Detective Fetko's failure to undertake "curative measures" before obtaining a second statement undermines any finding that the second statement could be voluntary. *Elstad* specifically dispels that contention:

> The standard *Miranda* warnings explicitly inform the suspect of his right to consult a lawyer before speaking. Police officers are ill-equipped to pinch-hit for counsel, construing the murky and difficult questions of when "custody" begins or whether a given unwarned statement will ultimately be held admissible.

470 U.S. at 316, 105 S. Ct. at 1297. Thus, Burdine's suggestion that Officer Fetko should have undertaken curative measures in addition to giving him *Miranda* warnings is unavailing.

Returning to *Callihan*, we emphasize that our Supreme Court interpreted *Seibert* as requiring exclusion of post-warning statements only "where police deliberately employ the technique to circumvent the suspect's *Miranda* rights*" and stated that such a determination cannot be made "absent an evidentiary hearing" addressing that specific issue. 142 S.W.3d at 125-26 (emphasis added). In the current case, after hearing the evidence and argument of counsel, the circuit

-7-

court found that Detective Fetko's failure to properly *Mirandize* Burdine was the result of an honest mistake.  We find nothing in the record suggesting that Detective Fetko intentionally used Burdine's first statement in an attempt to overcome Burdine's will in giving the second post-*Miranda* statement.   Burdine does not point to any evidence suggesting that Detective Fetko deliberately employed the "question-first" technique to circumvent his *Miranda* rights.

While Burdine contends that the circumstances surrounding Detective Fetko's questioning were inherently coercive, he does not point to any evidence which would cast doubt on the voluntariness of his post-*Miranda* statements.  Indeed, nothing in this record allows us to conclude that the circuit court's findings lack the support of substantial evidence.  It was well within the discretion of the circuit court to assess the credibility of witnesses and to draw reasonable inferences from the testimony at the suppression hearing.  On the undisputed facts of this case, we concur in the circuit court's assessment and hold that it did not clearly err in denying Burdine's motion to suppress his post-*Miranda* statements.

Accordingly, we affirm the decision of the Fayette Circuit Court.


ALL CONCUR.

BRIEF FOR APPELLANT:

Noel Caldwell
Jerry L. Wright
Lexington, Kentucky

ORAL ARGUMENT FOR
APPELLANT:

Jerry L. Wright
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky